Dear John:
You have requested an opinion of this office as to the applicability of the Fair Labor Standards Act to the Lottery Corporation. You have also requested an opinion as to the criteria for determining "exempt status" as defined in that Act, and whether any state laws regulating labor standards differ from the provisions of federal law and apply to the corporation.
It is the opinion of this office that the Fair Labor Standards Act applies to the Lottery Corporation. The following sets forth, in general terms, the criteria for determining exempt status of certain employees. It is also the opinion of this office that state employment laws applicable to any private employer also apply to the Lottery Corporation. Federal labor laws generally preempt state laws, therefore if state law differs from federal law, the federal law would probably control. Some state laws are outlined below in general terms. In the event a particular need, or specific question, arises, the statutes should be checked in light of the given issue.
The Fair Labor Standards Act, 29 USCA § 201 et seq, covers all non-exempt employees who in any workweek are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce. It is the opinion of this office that the sale of lottery tickets would be considered commerce and the Lottery Corporation is therefore subject to the Fair Labor Standards Act.
Section 213 provides that the Act shall not apply to any employee employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman as delimited by regulations of the Secretary of Labor. Regulations promulgated by the Department of Labor set out the criteria by which one may categorize employees to determine whether they are exempt from the Act.
The following sets forth a limited analysis of these categories in general terms as they appear applicable to the Lottery Corporation. In the event a particular employee's status is at issue, the regulations should be examined in light of the specific facts relative to that status. The Act also contains a special provision for employees in computer systems analysis and programming work, therefore the specific regulations pertaining to this category should be consulted in determining the status of such employees.
An employee employed in an executive capacity is one:
 1. Whose primary duty consists of the management of the enterprise in which he is employed; 2. Who customarily directs the work of two or more other employees; and 3. Who has the authority to hire or fire other employees, or who recommends such actions; 4. Who customarily and regularly exercises discretionary powers; and 5. Who devotes 80% of his work hours to the performance of these activities. 29 C.F.R. § 541.1
An employee employed in an administrative capacity is one:
 1. Whose primary duty consists of the performance of office or non-manual work directly related to management policies; 2. Who customarily and regularly exercises discretion and independent judgment; 3. Who regularly and directly assists an employee employed in an executive or administrative capacity, or performs specialized or technical work requiring special training, experience or knowledge; and 4. Who devotes 80% of his work hours to the performance of these activities. 29 C.F.R. § 541.2
An employee employed in a professional capacity is one:
1. Whose primary duty consists of the performance of
 a. Work requiring knowledge of an advance type in a field of science or learning acquired by specialized intellectual instruction and study;
 b. Work that is original and creative in a recognized field of artistic endeavor which depends on the invention, imagination or talent of the employee;
 2. Whose work requires the consistent exercise of discretion and judgment;
 3. Whose work is predominantly intellectual and varied in character and of such character that the output produced or the result accomplished cannot be standardized; and
 4. Who devotes 80% of his work hours to the performance of these activities. 29 C.F.R. § 541.3
An employee employed in the capacity of outside salesman is one:
 1. Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place of business in:
a. Making sales;
b. Obtaining orders or contracts for services; and
 2. Who devotes 80% of his hours to the performance of making sales or obtaining orders. 29 C.F.R. § 541.5
Some state laws which regulate the employment contract in the private sector are:
 1. R.S. 23:961 et seq., which prohibits any employer from interfering with the individual rights of employees;
 2. R.S. 23:971 et seq. which prohibits age discrimination in employment for those employers not covered by the provisions of the Federal Age Discrimination in Employment Act;
3. R.S. 23:981 et seq. the "right to work" act;
 4. R.S. 23:991 et seq. which prohibits the employment of illegal aliens; 5. R.S. 23:1001 et seq. which prohibits discrimination against individuals possessing the sickle cell trait; and
 6. R.S. 23:1006 et seq. which prohibits discrimination in employment on account of race, color, religion, sex, or national origin.
It is difficult to anticipate any and all employment issues which may arise and list all state laws which impact the employment contract, if you have a specific question, the issue can be researched in light of facts which arise in any particular case.
Hoping this fills your needs, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: NANCY J. GOODWIN Assistant Attorney General